International & Great Northern Railway Company v. William H. Coolidge, Trustee, et al.

No. 1039. Decided December 2, 1901.

Supreme Court—Jurisdiction—Judgment Settling Case.

One who appeals and procures a reversal and remand of the case for trial, can not procure a writ of error upon such judgment by alleging that it settles the case. Rev. Stats., art. 941. (Pp. 93-95.)

Error to the Court of Civil Appeals for the First District, in an appeal from Brazoria County.

The International & Great Northern Railroad Company, intervener in the trial court, appealed from the judgment there recovered, and

upon a judgment reversing and remanding the case obtained writ of error from the Supreme Court by alleging that such judgment practically settled the case.

*J. A. Read*, for plaintiff in error.

BROWN, Associate Justice.—Upon the petition of W. H. Coolidge, the Velasco Terminal Railway Company was, on the 25th day of July, 1899, by the District Court of Brazoria County, declared to be insolvent and a receiver was appointed to take possession of the said road and all of its property. Subsequently, the District Court entered orders directing the receiver to issue and sell certificates, the proceeds to be applied to the payment of the operating expenses of the road and for repairs, and two similar orders were subsequently made by the court under which small amounts of certificates were issued and sold for the same purposes. Another order was made by the court directing the issuance and sale of like certificates to raise the funds with which to pay indebtedness of the railroad company existing prior to the appointment of the receiver, which consisted of the pay-roll of the said company due to its employes and officers. It was provided that the certificates should have a lien upon all the property superior to all other debts. Certificates were issued and sold under the first order to the amount of $15,000, and under the second order to the amount of $7496. Coolidge also held claims to the amount of $7433.92 as assignee for labor performed on and material furnished for the railroad. In addition to its railroad and equipments, the terminal company owned certain lots in the town of Angleton, which the evidence did not show to be used in connection with or for the operation of the railroad. After the certificates above named had been issued and sold, the International & Great Northern Railroad Company intervened in the suit, setting up a claim for $4200 for money received by the terminal company for joint business exchanged between it and the intervener, and claimed a superior lien to all other claims upon all of the property of the terminal company, and especially upon the town lots in the town of Angleton.

Upon the trial, the district judge held that the intervener had no lien upon the town lots in the town of Angleton and that the receiver's certificates issued and sold under the orders before stated held liens upon all of the property belonging to the railroad company superior to the claim of the intervener, as also did the claims for taxes and for labor and material. The International & Great Northern Railroad Company appealed to the Court of Civil Appeals, and, in order to close up the business, the District Court made an order setting aside $6000 of the proceeds of the sale which was ordered to be made to await the result of the appeal. The Court of Civil Appeals reversed the judgment of the District Court and remanded the case, holding (1) that the intervener had a lien upon all of the property of the terminal com-

pany, including the town lots in Angleton; (2) that the receiver's certificates which were issued and sold to raise funds with which to pay the operating expenses and to make repairs upon the property during the receivership held a lien upon all the property, including the Angleton town property, superior to the lien of the intervener; (3) that the intervener's lien upon the Angleton town property was superior to the other claims, except so much of the claim for taxes as represented the tax upon the Angleton town lots.

In remanding the case the Court of Civil Appeals used this language: "The judgment of the court below will be reversed and this case remanded in order that the funds of the receivership may be marshaled and the appellant's lien fixed and classified as indicated in this opinion." The International & Great Northern Railroad Company applied for a writ of error upon the ground that the decision of the Court of Civil Appeals practically settles the case and the writ was granted upon that ground. This statement is sufficient for the disposition of the case.

Article 941 of the Revised Civil Statutes, in so far as applicable to the question before the court, reads as follows: "All causes shall be carried up to the Supreme Court by writs of error upon final judgment and not on judgments reversing and remanding causes except in the following cases, to wit: * * * 8. When the judgment of the Court of Civil Appeals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error, and the attorneys for petitioners shall state that the decision of the Court of Civil Appeals practically settles the case, in which case, if the Supreme Court affirms the decision of the Court of Civil Appeals, it shall also render final judgment accordingly." This court has no jurisdiction to grant a writ of error unless it comes within the provisions of this statute. This is the first application which has ever been presented by the party who succeeded in having a judgment reversed and the cause remanded, and it becomes necessary to inquire whether the case comes within the terms of the law.

The language of the eighth subdivision of article 941 makes it apparent that the Legislature intended to permit a party who has been cast by the decision of the Court of Civil Appeals in the reversal of a judgment obtained in the District Court to obtain a revision of such decision by the Supreme Court, if it be made to appear that the decision of the Court of Civil Appeals practically settles the case and if the party applying shall so state. By such application, the petitioner would admit that the facts stated by the Court of Civil Appeals correctly reflect the case and would consent for this court to enter judgment against him if the decision of the Court of Civil Appeals should be found to be correct. A decision of the Court of Civil Appeals which practically settles a case virtually prescribes the judgment which must be entered. In such case, the defendant in error, not having

complained of the judgment of the Court of Civil Appeals, would not be heard to object to the rendition of a judgment in his favor in accordance with the decision which he had procured. The plaintiff in error procured the reversal of the judgment of the District Court, which was favorable to the defendants in error, and secured by that reversal a ruling favorable to itself, and then, seeking a writ of error, asked this court, in case it should agree with the Court of Civil Appeals, to enter judgment here against the defendants in error, who have not admitted that the decision practically settles the case as to them, nor in any way submitted themselves to the jurisdiction of this court. If we should affirm the decision of the Court of Civil Appeals we could not enter judgment against the defendants in error, because this court has no jurisdiction over them. It follows that in no event could this court enter final judgment in this proceeding.

We are of opinion that the Legislature did not intend to give to the party who procured a reversal of a judgment the right to come to this court and ask that judgment here be entered in his favor against the losing party without a further trial in the District Court. We conclude that this court has no jurisdiction of a case like this, and it is therefore ordered that the writ of error be dismissed and that the plaintiffs in error pay all costs of this proceeding.

*Dismissed for want of jurisdiction.*